**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **BRYAN JORDAN,** ) | |
| ) | **CIVIL ACTION** |
| **PLAINTIFF,** ) | **FILE NO.** |
| ) | **Jury Trial Demanded** |
| **V.** ) | |
| ) | |
| **GPS HOSPITALITY, LLC,** ) | |
| ) | |
| **DEFENDANT.** ) | |

**PLAINTIFF BRYAN JORDAN'S COMPLAINT**

Comes Now, Plaintiff Bryan Jordan who files his Complaint against Defendant GPS Hospitality, LLC., (hereafter "GPS"), and alleges as follows:

**I.      Nature of Complaint**

1.

Plaintiff seeks to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in a single workweek constituting violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA").

## II. JURISDICTION AND VENUE

2.

This Court has original jurisdiction over cases brought to recover unpaid overtime pursuant to the FLSA which provides, inter alia, that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction," 29 U. S. C. §216(b).

3.

Plaintiff resides at 198 Scott Street, N.W., Atlanta, Georgia, 30314, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

4.

Plaintiff has been employed by GPS from approximately 07/27/2020 until 01/23/2021, at a Burger King stores including: Burger King, 26 Peyton Road, S.W., Atlanta, Georgia 30311, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division. Defendant's main office is located at: 2100 Riveredge Parkway South, Atlanta, Georgia 30328, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Plaintiff alleges violations of the FLSA in that (1) he was not paid overtime for work performed in excess of 40 hours in a single work, and alleges that these violations of the FLSA occurred at Burger king stores, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

6.

A substantial part of the alleged actions and omissions that give rise to Plaintiff's FLSA claims against Defendant are alleged to have occurred within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division, such that venue in this Court is proper pursuant to 28 U.S.C. Sec. 1367.

### III. PARTIES AND FACTS

7.

Plaintiff was employed by Defendant from approximately 07/27/2020 to 01/23/2021, within the meaning of the FLSA, 29 U.S.C. sec. 203(e).

8.

During the dates alleged in paragraph 7 of this Complaint, Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

9.

Plaintiff was hired for the position of District Leader at a salary of $75,000.00 per year with possible bonus.

10.

Plaintiff was placed in a trainee status for the District Leader position when hired.

11.

During his entire employment, Plaintiff remained in a trainee status for a District Leader position.

12.

During his entire employment, Plaintiff was never authorized to perform the job duties and responsibilities of a District Leader.

13.

During his entire employment, Plaintiff was never assigned or responsible for specified district, territory, or assigned stores over which he performed a District Leader's job duties and responsibilities.

14.

During his entire employment, Plaintiff was never a trainer and never performed a Top Right Training Manager's job duties and responsibilities.

15.

At no time during his employment was Plaintiff assigned to a specific store as a Restaurant General Manager.

16.

At no time during his employment was Plaintiff assigned to a specific store as a Restaurant Assistant Manager.

17.

At no time during his employment was Plaintiff assigned to a specific store as a Shift Leader.

18.

At no time during his employment was Plaintiff' primary duty managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

19.

At no time during his employment was Plaintiff' primary duty to customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

20.

At no time during his employment did Plaintiff have the authority to hire or fire other employees, nor was Plaintiff asked for nor did he provide suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees which recommendations were given particular weight.

21.

At no time during his employment did Plaintiff have the authority to set store personnel schedules.

22.

At no time during his employment did Plaintiff have the authority to discipline employees.

23.

At no time during his employment did Plaintiff have the authority to evaluate employees.

24.

At no time during his employment did Plaintiff have the authority to make recommendations about raises, promotions, etc. for other employees.

25.

At no time during his employment did Plaintiff have the authority to set or have any budget reporting responsibilities.

26.

At no time during his employment did Plaintiff have any eligibility for bonus or pay programs like a store or area manager, assistant manager or District Leader.

27.

At no time during his employment did Plaintiff have the responsibility or authority to sign off on any weekly, monthly, or periodic store reports as required by the Store Manager or Assistant Store manager positions.

28.

At no time during his employment did Plaintiff have the responsibility or authority to perform the duties of a Restaurant General Manager (RGM) with overall responsibility for managing daily operations of a single restaurant (10-45 employees), ensuring delivery on guest satisfaction, and ensuring desired restaurant outcomes (i.e., increased sales, profitability, and employee retention).

29.

At no time during his employment did Plaintiff have the responsibility or authority to perform the duties of a Restaurant General Manager (RGM) with overall responsibility for overseeing the financial controls, operations, people development, Guest service and BKC compliance within the restaurant across all shifts.

30.

At no time during his employment did Plaintiff directly manage Team Members, Shift Coordinators and Assistant Managers.

31.

During his employment was not exempt from overtime requirements of the FLSA under the executive exemption.

32.

During his employment was not exempt from overtime requirements of the FLSA under the administrative exemption.

33.

During his employment, Plaintiff was entitled to overtime pay at a rate of 1 ½ times his Regular Rate of pay for hours in excess of 40 hours in a single work week.

34.

During Plaintiff's employment, he was not required to submit his actual time worked to Defendant.

35.

During Plaintiff's employment, Defendant did not maintain accurate records of the time Plaintiff actually worked.

36.

Plaintiff worked in excess of forty hours in some work weeks and was not paid overtime and was not paid overtime at the FLSA mandated overtime rate.

## COUNT I.
## VIOLATIONS OF THE FLSA.

37.

Plaintiff incorporates be reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

38.

Defendant's failure to pay Plaintiff for all time worked in excess of forty-hours in a single work week at the proper overtime rate, constitutes a violation of the overtime provisions of the FLSA.

39.

Defendant was aware of its duty to comply with the FLSA during the times of Plaintiff's employment with Defendant.

40.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statue of limitations to be applied to Defendant's violations is a three-year period.

**PRAYER FOR RELIEF**

41.

Wherefore, Plaintiff Bryan Jordan requests a jury trial and damages in the form of for violations of the FLSA: unpaid overtime, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs, attorney's fees and costs.

Submitted this  17th  day of March, 2021.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

Plaintiff Bryan Jordan provides a copy of this Complaint along with two copies of a Waiver of Service of Process and a pre-addressed, pre-paid envelope to the Registered Agent for Service of Process for Defendant on this date by U.S. Mail addressed as follows:

> GPS Hospitality, LLC
> c/o Corporation Service Company
> 40 Technology Parkway South
> Suite 300
> Norcross, Georgia 30092

Submitted this 17th day of March, 2021.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com
*Attorneys for Plaintiff*